UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.                                                          No. 02-4406

TOMMY RAY KNIGHT,
         *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CR-99-1061)

Submitted: December 19, 2002

Decided: January 15, 2003

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

John D. Elliott, Columbia, South Carolina, for Appellant. William Corley Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Tommy Ray Knight appeals the revocation of supervised release and imposition of a nine-month sentence of imprisonment. Knight's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting that the district court abused its discretion in sentencing Knight to the maximum sentence within the applicable range. Knight, notified of his right to file a pro se supplemental brief, has not done so. Discerning no error, we affirm.

Knight pled guilty to aiding and abetting the counterfeiting of United States twenty dollar bills, in violation of 18 U.S.C. §§ 2, 471 (2000). He was sentenced to eighteen months imprisonment followed by three years of supervised release. Knight was released from custody in December 2001. In 2002, Knight's probation officer petitioned the district court, asserting two violations of supervised release. Knight did not deny the violations. The district court imposed a sentence of nine months imprisonment, at the top of the applicable guidelines range. *U.S. Sentencing Guidelines Manual* § 7B1.4(a) (2000).

This court reviews a sentence imposed after revocation of supervised release for abuse of discretion. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). Here, Knight conceded the violations, and the sentence was within the proposed range. Sentencing was in accordance with the relevant statutory provision, 18 U.S.C. § 3583(e)(3) (2000). This court does not review a sentence within the guideline range that was not imposed in violation of the law. *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990). We conclude that the district court did not abuse its discretion in revoking Knight's supervised release and imposing a sentence at the top of the guideline range.

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the revocation of supervised release and resulting sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client

requests that a petition be filed but counsel believes such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*